UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PHILLIP PITTER,

                            Plaintiff,                    **ANSWER**

      -against-                             Docket No. 07-CV-8544(RJS)(RLE)

                                                                 **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, et. al.

                          Defendants.
------------------------------------------------------------------X

       Defendants City of New York, Raymond Kelly, Robert Brower, William Downey and Donald Lamanque, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

       1.    Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

       2.    Deny the allegations as set forth in paragraph "2" of the Complaint.

       3.    Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

       4.    Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to bring this action and to invoke the Court's jurisdiction as stated therein.

       5.    Deny the allegations set forth in paragraph "5" of the Complaint.

       6.    Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

       7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.	Admit the allegations set forth in paragraph "8" of the Complaint.

9.	Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department and was the Commissioner of the New York City Police Department on July 17, 2006, and that plaintiff purports to sue him as stated therein.

10.	Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Robert Brower was employed by the City of New York as the Commanding Officer of the 81st Precinct, on July 17, 2006, and that plaintiff purports to sue him as stated therein.

11.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.	Paragraph "12" of the Complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

13.	Deny the allegations set forth in paragraph "13" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on September 5, 2006 and that the claim has not been settled or adjusted.

14.	Deny the allegations set forth in paragraph "14" of the Complaint, except admit that on July 17, 2006, plaintiff was inside Brooklyn Criminal Court in Brooklyn, New York.

15.	Deny the allegations set forth in paragraph "15" of the Complaint.

16.	Deny the allegations set forth in paragraph "16" of the Complaint.

17.	Deny the allegations set forth in paragraph "17" of the Complaint.

18.	Deny the allegations set forth in paragraph "18" of the Complaint.

19.	Deny the allegations set forth in paragraph "19" of the Complaint and its

subparts.

20. In response to the allegations set forth in paragraph "20" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. In response to the allegations set forth in paragraph "23" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. In response to the allegations set forth in paragraph "35" of the

Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. In response to the allegations set forth in paragraph "40" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. In response to the allegations set forth in paragraph "46" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. In response to the allegations set forth in paragraph "49" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

- 5 -

51. Deny the allegations set forth in paragraph "51" of the Complaint.

### AS AN FOR A FIRST AFFIRMATIVE DEFENSE

52. The Complaint fails to state a claim upon which relief can be granted.

### AS AN FOR A SECOND AFFIRMATIVE DEFENSE

53. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AN FOR A THIRD AFFIRMATIVE DEFENSE

54. Plaintiff caused or provoked any incident.

### AS AN FOR A FOURTH AFFIRMATIVE DEFENSE

55. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AN FOR A FIFTH AFFIRMATIVE DEFENSE

56. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AN FOR A SIXTH AFFIRMATIVE DEFENSE

57. At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendants have governmental immunity from liability.

### AS AN FOR A SEVENTH AFFIRMATIVE DEFENSE

58. Punitive damages cannot be awarded against the City of New York.

- 6 -

### AS AN FOR AN EIGHTH AFFIRMATIVE DEFENSE

59.     Commissioner Raymond Kelly and Inspector Robert Brower had no personal involvement in the allegations alleged in the Complaint.

### AS AN FOR A NINTH AFFIRMATIVE DEFENSE

60.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

**WHEREFORE**, defendants request judgment dismissing the Complaint in its entirety, together with costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       December 3, 2007

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                City of New York
                Attorney for Defendants
                100 Church Street, 6-308
                New York, New York 10007
                (212) 442-0832

By:     /s/ Hugh A. Zuber                    .
        HUGH A. ZUBER (HZ 4935)
        Assistant Corporation Counsel

TO:    Nicole Bellina, Esq.
          Stoll, Glickman & Bellina, LLP
          71 Nevins Street
          Brooklyn, NY 11217